# United States Court of Appeals for the Fifth Circuit

———————

No. 23-11005

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2024

Lyle W. Cayce
Clerk

Donald Keith Dennis,

*Plaintiff—Appellant*,

*versus*

Joseph Eastridge; Grace Francis; Marcia Odal; Kenyon Page,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CV-64

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Donald Keith Dennis, Texas prisoner # 01093314, has filed a motion to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint. Dennis's IFP motion challenges the district court's determination that any appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The district court concluded that Dennis's allegations failed to state a cognizable claim under the Eighth Amendment that the defendants denied him medical care or were deliberately indifferent to his medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Moreover, the district court determined that the defendants could not be held liable in a supervisory capacity or for their handling of his prison grievances. *See Monell v. Dep't of Soc. Servs.* 436 U.S. 658, 691-95 (1978); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because Dennis fails to meaningfully brief any challenge to the district court's reasons for dismissing his civil rights action, the issues are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Further, we do not consider Dennis's implicit challenge to the district court's severance of his inadequate-medical-care claims from his unrelated excessive-use-of-force claims, as Dennis raises that challenge for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Dennis does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The district court's dismissal of Dennis's complaint for failure to state a claim and this court's dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 535-39 (2015). Dennis has previously received two strikes under § 1915(g). *See Dennis v. Blanchard*, 591 F. App'x 300, 300-01 (5th Cir. 2015). Because

No. 23-11005

Dennis now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.